## Spencer v. Commonwealth.

(Decided September 27, 1927.)

### Appeal from Breathitt Circuit Court.

1. **Indictment and Information.**—In prosecution for second violation of Rash-Gullion Act (Ky. Stats., Supp. 1924, sec. 2554a-4), Commonwealth must allege and prove that offense for which first conviction was had was for violation of such act, to authorize conviction.

2. **Indictment and Information.**—Indictment for second violation of Rash-Gullion Act (Ky. Stats. Supp. 1924, sec. 2554a), not stating name of act, but in apt terms charging date of second offense, date of first offense, date of former conviction, and alleging that first conviction was for offense under present prohibition law, sufficiently alleged that first conviction was for violation of such act.

3. **Criminal Law.**—Defendant's admission at trial of former conviction for selling intoxicating liquor was not sufficient proof of former violation of Rash-Gullion Act (Ky. Stats. Supp. 1924, sec. 2554a-4) to support conviction as for second offense under such act.

4. **Criminal Law.**—After defendant's admission of prior conviction for selling liquor, commonwealth's introducing evidence of his bad reputation for selling liquor was not error, in prosecution for second violation of Rash-Gullion Act (Ky. Stats. Supp. 1924, sec. 2554a-4).

HENRY L. SPENCER for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

Granville Spencer was tried for a second violation of the prohibition law and sentenced to the penitentiary for one year. On this appeal he urges that the indictment fails to state that the first offense charged was for a violation of the Rash-Gullion Act and that the proof is also insufficient in this respect. Section 2554a-4, subd. 2, of the Act approved March 22, 1922 (Ky. St. Supp. 1924), and known as the Rash-Gullion Act, reads:

> "Upon a second conviction of any offense enumerated in this section the defendant or defendants, if persons, shall be confined in the penitentiary for not less than one year, nor more than five years. . . . ."

We have held that it is necessary for the commonwealth to charge in the indictment, and to prove, that the offense for which the first conviction was had was for a violation of that act. See English v. Com., 216 Ky. 608, 288 S. W. 320; Blevins v. Com., 215 Ky. 755, 286 S. W. 1060; West v. Com., 217 Ky. 255, 289 S. W. 299.

The indictment in this case does not state the name of the act, but it does in apt terms charge the date of the second offense, the date the first offense was committed, and the date of the former conviction, and further alleges that the first conviction was for an offense under the "present prohibition law." We think the indictment sufficient in this respect, and it is not criticized in any other. However, the proof on this point fails to sustain the allegations of the indictment. The circuit clerk was introduced as a witness, but before testifying it was stipulated of record:

> "Defendant here admits that the records show that he was heretofore (that is, Granville Spencer was heretofore) convicted on a charge of selling liquor, and that the regularity of the introduction of the indictment and the judgment of the court and the other records are hereby waived by defendant."

There is no other evidence on this point, and the admission extends only to the former conviction for selling liquor. Such conviction may have antedated the present law or have been for an offense occurring under the former act. For this reason, the case must be reversed.

It is also urged that it was improper for the commonwealth to introduce evidence of the defendant's bad reputation for selling liquor after he had admitted a former conviction for that offense. We do not think this point well taken. A conviction for a public offense is a serious blow to a person's reputation, but he may acquire a reputation independent of this, and we cannot say that this evidence was improper. No other questions are determined except those discussed.

Wherefore the case is reversed and cause remanded for proceedings consistent with this opinion.