## Vaughn v. Commonwealth.

(Decided Feb. 11, 1936.)

· W. W. POINTS and FLOYD TAYLOR for appellant.

B. M. VINCENT, Attorney General, and R. E. FUNK, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Chris Vaughn was convicted of attempting to rape an infant under twelve years of age, a crime defined by section 1153 of the Kentucky Statutes. His punishment was fixed at life imprisonment under the habitual criminal statute, section 1130, Kentucky Statutes, since he had been convicted of felony twice before the present conviction. He complains that the verdict is unsupported by the evidence; that incompetent evidence was adduced against him; and that the instructions to the jury were erroneous.

The indictment charged that appellant attempted to commit rape upon the body of Nevada Rosenbaum, a female infant under twelve years of age. In the second count it was charged that on October 16, 1914, he was convicted in the Bell circuit court of the crime of housebreaking, a felony, and sentenced to confinement in the penitentiary for a period of not less than two nor more than three years, and that the judgment in that case had not been vacated, modified, set aside, or appealed from. The third count charged that on Febru-

ary 6, 1920, he was convicted in the Bell circuit court of the crime of unlawfully and feloniously breaking into the house of another, with intent to steal therefrom, and feloniously taking away therefrom articles of value, and sentenced to a term of two years in the penitentiary.

Nevada Rosenbaum, the prosecuting witness, lived with her parents in a mining camp in Bell county. Shortly before noon on April 10, 1935, accompanied by Sallie Moody, a girl eleven years of age, she went to a field near the camp to pick greens. Appellant appeared from behind some bushes, exposed his person, used vulgar language, and made improper proposals to the two girls. When they refused to submit to him, he seized Nevada Rosenbaum around the waist. She screamed, and called Ben Trosper, whom she had seen on the road a few hundred feet away. Appellant released her, and she ran to the road. Sallie Moody corroborated her in every respect, and Trosper testified that he heard some one call and saw the girls after they reached the fence along the road. Prior to that time they had been concealed by the bushes. There was other corroborating evidence. Appellant denied that he saw the two girls on the occasion in question, or that he had any conversation with them. He introduced witnesses who said they saw the girls picking greens in the field, but heard no screams. Several of the witnesses, however, saw appellant in the vicinity, and one of them placed him within fifty feet of the spot where the prosecuting witness said he approached her. The evidence was sufficient to authorize a conviction of the appellant of the offense charged.

Appellant was asked on cross-examination if he had theretofore been convicted in the Bell circuit court of the two felonies referred to in the indictment, and he answered in the affirmative. He was then asked if he had ever been convicted of other felonies, and, over objections which were overruled, he stated that he had been convicted of a felony in Harlan county, and also one in Clay county. It is argued that this was error, since neither of these convictions had been pleaded in the indictment. This evidence was not competent, of course, for the purpose of affording a basis for conviction under the habitual criminal statute, but it was

competent for the purpose of affecting the credibility of the witness.

An effort was made to show a state of ill feeling between appellant and the father of the prosecuting witness, and objections to certain questions along this line were sustained. The rights of the appellant were not prejudiced, however, even if it be conceded that the ruling of the court was erroneous, since he was permitted to answer several similar questions, and the substance of his claim in this respect was before the jury. Furthermore, not a single avowal was made.

In instruction No. 1, the court told the jury in substance that if they believed from all the evidence, to the exclusion of a reasonable doubt, that the defendant willfully, unlawfully, forcibly, and feloniously attempted to commit rape upon the body of Nevada Rosenbaum, a female infant under twelve years of age, they should find him guilty and fix his punishment at confinement in the penitentiary for not less than five years nor more than twenty years. Instruction No. 2 told the jury that if they should find the defendant guilty under instruction No. 1 their verdict should be: "We, the jury, do agree and find the defendant, Chris Vaughn, guilty as set out in instruction No. 1.————, Foreman." Instruction No. 3 authorized the jury to find the defendant guilty under the habitual criminal act if they further believed from the evidence, to the exclusion of a reasonable doubt, that he had theretofore been convicted of a felony twice, and concluded with the form of the verdict to be signed by the foreman, in the event the jury should find the defendant guilty under that instruction. Instruction No. 4 defined the terms "willfully" and "feloniously," and instruction No. 5 was the instruction on reasonable doubt.

The chief criticism of the instructions is that the trial judge erred in setting out the form of the verdict to be returned if the jury found the defendant guilty, especially as he failed to give the form of the verdict to be returned if they found him not guilty. The writing of a verdict of not guilty is a simple matter, and the submission of a form, therefore, by the court would have added nothing to the value of the instructions. The inclusion in the instructions of the forms of verdicts to be returned if the jury found the defendant guilty was unnecessary, but this could not have

been misleading, and therefore was not error. It is contended that an instruction should have been given under that portion of section 1130 of the Statutes which provides that every person convicted a second time of felony shall be confined in the penitentiary not less than double the time of the first conviction. If only one conviction had been proved, or if the evidence had left any room for doubt as to one conviction, this contention would be sound; but the commonwealth proved conclusively that the appellant had been convicted twice of felony, and he admitted both convictions. Under the facts, such an instruction was not authorized. The punishment meted out to the appellant is severe, but in the circumstances a conscientious jury could have returned no other verdict. He is the author of his own fate, and his history, as disclosed by the record, brands him as a menace to society.

The judgment is affirmed.