### Woodrow TUTTLE, Appellant,
### v.
### COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 2, 1959.

Rehearing Denied March 4, 1960.

Lewis & Weaver, Gordon Eversole, London, for appellant.

Jo M. Ferguson, Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

STANLEY, Commissioner.

Woodrow Tuttle has moved for an appeal (Criminal Code of Practice, § 348) from a judgment of conviction as a second offender of the local option law. The penalty is imprisonment for 120 days in jail and a fine of $200. KRS 242.230, 242.990.

The indictment charged Tuttle with possession for sale of 1,201 cans of beer and 25 half pints of gin on October 28, 1958. A second count charged that the accused had been previously convicted of a similar offense in May, 1958.

We find no merit in the contention that the search warrant should have been quashed and evidence based upon the search suppressed. The affidavit of the sheriff, upon which the warrant issued, was based upon information furnished him by a named state police officer. The form of the affidavit is almost identical with that held to have been sufficient in Brake v. Commonwealth, 311 Ky. 436, 224 S.W.2d 698, and confirmed in Commonwealth v. Bailey, Ky., 259 S.W.2d 49. The affidavits held to be insufficient in several cases relied upon by the appellant are distinguishable.

There is a formidable question concerning the instructions to the jury. .

Instruction No. 1 submitted in proper form the issues as to the proof of guilt of the present or principal offense charged to have been committed on October 28, 1958, but omitted reference to the specific penalty therefor if the jury should find the defendant guilty. No. 2 was coupled to No. 1 by "and." It properly submitted the question of whether the defendant had been previously convicted, and concluded with the direction that should the jury also find that condition, they should fix "his punishment at a fine in any sum not less than $40 nor more than $200 and in addition at confinement in the county jail not less than sixty days nor more than 120 days, in your discretion." No. 3 was a general reasonable doubt instruction "on the whole case."

█ Where the accused is indicted as a second offender of a similar misdemeanor (where the statute authorizes the charge, as does the Local Option Law, KRS 242.-990) or of a second or third felony, KRS 431.190, and there is evidence supporting the accusation, the instructions should permit the jury to return three possible verdicts, viz., (1) not guilty, (2) guilty of the particular or principal offense charged, or (3) guilty of a second or third violation of the law, as the case might be. Coleman v. Commonwealth, 276 Ky. 802, 125 S.W.2d 728; Allen v. Commonwealth, 277 Ky. 168, 125 S.W.2d 1013; Hamm v. Commonwealth, Ky., 300 S.W.2d 562; Milby v. Commonwealth, Ky., 318 S.W.2d 55. See for approved instructions Stanley's Instructions to Juries, §§ 950, 951.

█ The instructions in the instant case, therefore, would be erroneous in failing to permit the jury to impose punishment only for the present offense and in providing only for the enhanced penalties of a second offense except for an agreement or confession of the defendant that he had been previously convicted of illegally possessing intoxicating liquor.

The circuit clerk was called as a witness for the Commonwealth to prove the record of the previous conviction. After he had answered three qualifying questions, the following appears in the transcript: "It is stipulated and agreed between the Commonwealth and the defendant and his counsel that [description of previous indictment, conviction and judgment and that the principal offense charged was subsequent to the first conviction]."

█ It is to be noted that this is not a stipulation as to what the Clerk would testify the record showed, as in Spencer v. Commonwealth, 221 Ky. 166, 298 S.W. 389. It is an "agreement" that the defendant had been previously convicted. This is a confession of guilt and is the equivalent of a plea of guilty entered in open court. There was no need to prove the conviction. 25 Am.Jur., Habitual Criminals, § 29. While the court instructed on the charge as being in issue, it does not seem to have been necessary. The only issue was guilt of the latest offense charged. If the jury should find the defendant guilty of that particular or principal offense, it would follow that the increased penalty, within the limits prescribed, would have to be imposed.

In Ward v. Hurst, 300 Ky. 464, 189 S.W. 2d 594, a prisoner in the penitentiary serving a life sentence as an habitual criminal sought relief by habeas corpus. He had pleaded guilty to the indictment which had charged a present felony of grand larceny and also charged that the accused had been convicted of two previous and successive felonies. In instructing the jury, the court had recited the former convictions and directed the jury that they should find the defendant guilty as charged and could impose only the penalty of life imprisonment. It was contended in the habeas corpus proceeding that the petitioner had been deprived of his constitutional right to a trial by a jury. The court pointed out the well settled rule that upon a plea of guilty, failure to submit to the jury the issue of guilt or innocence does not deprive the accused of the constitu-

tional right claimed; also, that the right does not include a question of punishment. We also pointed out that the habitual criminal statute mandatorily prescribes that a person convicted as such shall be punished by imprisonment for life. This court held, therefore, that since the defendant had pleaded guilty to both charges of the indictment, the court had properly instructed the jury that they could fix only one punishment, namely, life imprisonment.

In Vaughn v. Commonwealth, 262 Ky. 588, 90 S.W.2d 1037, the appeal was from a conviction as a third offender and habitual criminal. The trial court had provided in the instructions that the jury might find the defendant guilty of the particular crime and that if they found he had been convicted twice previously, to fix his punishment at life imprisonment. It was contended that an instruction should have been given under that part of the statute which provides that a person convicted a second time of felonies shall be confined in the penitentiary not less than double the time of the first conviction. KRS 431.190. This would have permitted imposition of punishment less than life imprisonment. We observed that if only one conviction had been proved or if the evidence had left any room for doubt as to one conviction, the contention would be sound; but since the Commonwealth had proved conclusively and the defendant had admitted both prior convictions, the instruction contended for was not authorized.

Cases from other jurisdictions support our conclusion that a plea of guilty to the charge of a previous conviction justifies or makes mandatory the imposition of the more severe punishment where guilt of the present or principal charge of the indictment is found. Among such cases are Brozosky v. State, 197 Wis. 446, 222 N.W. 311; Adams v. State, Tex.Cr.App., 105 S.W.2d 1093; People v. Campbell, 173 Mich. 381, 139 N.W. 24. See 24 C.J.S. Criminal Law §§ 1969e, 1970; 25 Am.Jur., Habitual Criminals, § 35.

 It is not to be overlooked that the imposition of the heavier punishment under statutes of this kind is not punishment for a prior offense but for a later offense particularly charged. McIntyre v. Commonwealth, 154 Ky. 149, 156 S.W. 1058; Wharton's Criminal Procedure, § 2218. In this case there was no contradiction of the Commonwealth's evidence of illegal possession of intoxicating liquor as charged in the first count of the indictment, and the defendant confessed in open court that he had been previously adjudged guilty of a like offense. It seems to us, therefore, that the omission from the instructions of a provision which would have permitted the imposition of a penalty for the present or principal offense only was not prejudicial error. The motion for an appeal is sustained and the judgment is

Affirmed.