Grant BROWN, Jr., Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

April 24, 1964.

Daniel J. Tribell, William S. Tribell, Middlesboro, for appellant.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

STEWART, Judge.

Grant Brown, Jr., was convicted in Rockcastle Circuit Court of a third violation of the local option law and his punishment was fixed at confinement in prison for one year. See KRS 242.990(1).

He appeals, contending: (1) The search of the automobile driven by him was illegal and, as a consequence, the evidence obtained thereby was inadmissible; (2) the indictment was defective for reasons hereinafter asserted; (3) the evidence introduced was insufficient to convict; and (4) the instructions did not properly present to the jury the offenses for which he was being tried.

We shall first discuss the fourth or last ground urged for the reversal of the judgment because the assignment of error in connection therewith is meritorious. The other grounds will be dealt with briefly, in reverse order, as there will undoubtedly be another trial.

■ The instructions were prejudicially erroneous because they did not state and therefore did not permit the jury to pass upon the question of whether appellant had been convicted twice before of similar offenses involving violations of the local option law, with the result that they were asked to determine he had perpetrated a felony, within the purview of KRS 242.990 (1), if they believed he was guilty only of the particular crime of which he was presently charged.

■ Proper instructions, where one is indicted as a third offender involving similar misdemeanors, and there is evidence supporting the accusation, should permit the jury to return possible verdicts of guilty or not guilty of the primary crime charged; or guilty or not guilty of the second or third offense violations; or of any combination of the three. See Tuttle v. Commonwealth, Ky., 331 S.W.2d 891, 893, and the other cases cited therein on this point.

■ The next contention that the evidence introduced did not warrant a finding by the jury that Brown committed the offense of which he was accused is not tenable. Succinctly stated, the testimony reveals Brown together with Thurman Miller, Kenneth Locke and Mildred Jones went by automobile to Cincinnati, Ohio, where they stayed three days and two nights. According to Brown's testimony, on the return trip while he and Mildred Jones were eating in a restaurant in Covington, Locke, accompanied by Miller, bought and loaded into the trunk of the car approximately 20 cases of beer. Later, on their way home, while Brown was driving, the vehicle was stopped by a state trooper in Rockcastle County, Brown was placed under arrest for a traffic violation, and the beer was discovered when the car was searched. Brown claimed he did not know of the beer in the trunk, and Locke and Miller testified the beer belonged to them.

Upon the basis of the evidence recited, which was not contradicted, Brown maintains the jury should have been directed peremptorily to release him. However, two prior convictions of Brown in Bell County, on charges similar to the one for which he is now under indictment, were proven in support of the allegation in the indictment that he was a third offender; and, in addition, as provided by KRS 242.390, the Commonwealth established his reputation was bad for trafficking in or keeping for sale alcoholic beverages in dry territory.

In Denham v. Commonwealth, 311 Ky. 320, 224 S.W.2d 180, in a prosecution for a third violation of the local option law, it was held the jury was not compelled to accept the mere statement of a third person that certain moonshine whisky was not that of the accused, but that they could consider all the surrounding circumstances, as well as the accused's reputation for handling whisky, in arriving at their ver-

dict. Under the authority of this case we conclude the evidence sustains the verdict.

Brown insists the indictment is defective for a twofold reason, namely, because it failed to allege the crime was committed in local option territory and because it did not properly set forth a third offense violation of the local option law.

■ It is true the indictment as originally drawn did not contain, either in the accusatory or the descriptive portion, language to the effect that the offense was perpetrated in local option territory, but the Commonwealth's attorney when the point was raised was given leave to amend by adding phraseology which was stated to have been wrongfully omitted.

Under the former Criminal Code of Procedure, an amendment to include such an essential averment as the one in question would have been impossible, as only amendments as to form were permissible. However, the new Rules of Criminal Procedure are broader in this area. RCr 6.16 states: "The court may permit an indictment or information to be amended any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." This rule is based on Federal Criminal Rule 7(e) but is less restricted. The federal rule allows only an information to be so amended, restricting any amendment of the indictment to the grand jury. See Barron, Federal Practice and Procedure, Vol. 4, sec. 1916, p. 74.

What has been said should also be considered in connection with RCr 6.12 which states that an indictment or information or any proceedings held thereon shall not "be stayed, arrested or in any manner affected for any defect or imperfection which does not tend to prejudice the substantial rights of the defendant upon the merits." We believe the amendment was proper and no further action by the grand jury was necessary for the reason that Brown was not misled or harmed by the amendment. The import of the language of the indictment is unmistakable, so far as its substance is concerned.

■ Concerning the second complaint directed at the indictment, it is Brown's position the fact was not properly alleged therein that he was a third offense violator. He was accused in this regard (and we quote all that was stated) "with two previous convictions of KRS Chapter 242 commonly known as the local option law." Brown argues the prior convictions should have been detailed in the indictment in chronological order. When this contention was made at the time he moved to quash the indictment, the Commonwealth's attorney tendered and was allowed to file a bill of particulars which fully set forth the pertinent information as to the two former convictions.

RCr 6.10(2), which deals with the requisites of an indictment, states that it "shall be sufficient if it contains, a plain, concise and definite statement of the essential facts constituting the specific offense with which the defendant is charged."

■ RCr 6.22, which is patterned after Federal Criminal Rule 7(f), provides that the court shall for cause direct the filing of a bill of particulars. The function of the bill of particulars in a criminal case is to provide information fairly necessary to enable the accused to understand and prepare his defense against the charges without prejudicial surprise upon trial. It is complementary to the shorter form of indictment. See Barron, Federal Practice and Procedure, Vol. 4, sec. 1917, pp. 77–78.

Thus, we believe it is clear that when the indictment is considered along with the bill of particulars, it meets all the necessary legal requirements. The two, taken together, state the acts constituting the offense in such a manner as to enable a person of common understanding to know what is intended. See the former Criminal Code of Practice, sec. 122(2).

The last point raised is that the search of the automobile was illegal. Although, as heretofore indicated, Brown was driving the car at the time, he was not its owner. Kenneth Locke had borrowed the car for the trip and, as he was in charge of it, he appears to have been the only person, if any, who could have complained of an illegal search; and the record does not reveal that Locke objected to the search of the automobile.

This Court has held in a long line of cases that an automobile guest, and such was Brown, is not in a position to object to the search of such a vehicle without a warrant. See Smith v. Commonwealth, Ky., 375 S.W.2d 242; Combs v. Commonwealth, Ky., 341 S.W.2d 774; Pruitt v. Commonwealth, Ky., 286 S.W.2d 551.

Other errors are alleged which we deem it unnecessary to discuss as there will be another trial and it is believed they will not recur.

Wherefore, the judgment is reversed and the case is remanded for further proceedings not inconsistent with this opinion.