**Tim Pete PIPER, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 12, 1965.

**14**

Alfred C. Ross, Greenville, for appellant.

Robert Matthews, Atty. Gen., John B. Browning, Asst. Atty. Gen., Frankfort, Dan Cornette, Commonwealth Atty., Greenville, for appellee.

HILL, Judge.

This is an appeal from a verdict and judgment of the Muhlenberg Circuit Court finding the defendant, Tim Pete Piper, guilty of voluntary manslaughter and fixing his punishment at confinement in the state penitentiary for two years.

Appellant relies upon the following grounds for a reversal:

1. The court erred to the prejudice of the rights of the defendant in failing to give an instruction on involuntary manslaughter.

2. The court erred in overruling motion of defendant for a directed verdict at the close of the proof for the Commonwealth, and again at the close of the whole case.

For the purpose of reviewing this case on appeal, we need not determine whether the lower court erred in failing to instruct on involuntary manslaughter. Appellant did not object to the instructions at the time, nor did his motion and grounds raise this question. In Hartsock v. Commonwealth of Kentucky, Ky., 382 S.W. 2d 861, interpreting RCr 9.22, 9.54 and 10.-12, this Court said:

"* * * However, in our consideration of the entire case we point out that we construe RCr 9.22, 9.54 and 10.12 as meaning that although it is not necessary to raise objection to the instructions at the time they are given, it is imperative that claimed errors in instructions, given or omitted, be presented to the trial court at some time, either by proper objection or by motion, and certainly no later than the motion for a new trial, before they may receive appellate review."

Under this authority we cannot review this question on appeal.

We cannot agree with the second contention of the appellant in which he urges that he was entitled to a directed verdict of acquittal at the close of the evidence.

There was only one eye-witness to the killing and he testified there was no fighting immediately before the fatal shot was fired; he said deceased was talking to him while looking for his shoe which, if true, was evidence that the fight was over. This witness was a cousin to the wife of the deceased.

The appellant testified that he and the deceased were scuffling over the possession of the shotgun at the time it went off. The appellant also says that at the time the shotgun discharged he and the deceased were on the ground wrestling over the shotgun and the deceased was on top. The coroner testified there were no powder burns; although he stated that there could have been powder burns on the clothing of the deceased but that blood had covered the part of the clothing where the shots entered and thereby obliterated any possible trace of powder burns. There was other testimony to indicate that the noise from the shot was muffled indicating that the parties were close together at the time the shot was fired.

The evidence for the appellant, taken with the physical facts and the photographs offered in evidence, somewhat fortifies the

.appellant's contention. However, the jury saw all the witnesses and heard their testimony. Certainly the jury was in a more

favorable position to pass upon these disputed facts than this Court.

By the authority of Pennington v. Commonwealth, Ky., 344 S.W.2d 407 (1961) and a long line of similar cases, we conclude that the conflicting testimony presented a question for the jury and that the court did not err in overruling the motion of the appellant for a directed verdict.

The judgment appealed from is affirmed.