**Wayne MARCUM, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 4, 1966.

Fritz Krueger, Somerset, for appellant.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

Appellant, Wayne Marcum was sentenced to imprisonment for one year pursuant to a jury's verdict finding him guilty of a third violation of the local option law. KRS 242.990(1). His appeal assigns errors in his conviction: (1) the indictment was defective; (2) incompetent evidence was admitted, and in any event the evidence did not support the verdict; (3) the instructions were erroneous, and (4) the Commonwealth's Attorney made an improper argument.

■ We will not detail the allegations of the indictment further than to point out that the averments in it did adequately apprise appellant that he was charged with selling liquor in local option territory in April, 1965. The indictment also charged that the appellant had been convicted twice before for violations under the same law, citing the dates of these convictions. Although the indictment appears somewhat prolix and abstruse, it plainly was adequate in light of RCr 6.10. Brown v. Commonwealth, Ky., 378 S.W.2d 608.

■ The circuit court clerk introduced the official court records relating to the two prior convictions of appellant. A general objection to the testimony was interposed by counsel for appellant, which was overruled. Here the appellant contends that the evidence was incompetent because the indictment was defective. This argument is not tenable in light of our conclusion that the indictment was sufficient. However, our reading of the record reveals that the evidence of the circuit clerk did not affirmatively state that the *commission* of the alleged second offense occurred subsequently to the conviction of the charged first offense. The dates of these events leave an inference that such was the case, but the evidence in this respect should be specific.

The appellant attacks the instructions on two fronts. One of these is that the indictment was bad, but we have seen that such was not the case; hence this ground of attack fails.

■ The other challenge to the instructions is meritorious. By Instruction No. 2 the trial court properly advised the jury that if it believed beyond reasonable doubt that appellant had committed the prime offense, and further so believed that he had been convicted of local option offenses twice before—listing the respective dates of the convictions concerning which testimony had been adduced, and referred to in the indictment—the jury could assess punishment at confinement in the penitentiary for not less than one nor more than two years. KRS 242.990(1). This was appropriate as far as it went, but it was incomplete. The instruction failed to advise the jury that it had an option to believe from the evidence that appellant had been previously convicted on only *one* of the previous charges, in which event the statutory range of punishment would have been a fine of not less than forty nor more than two hundred dollars, and a jail sentence of not less than sixty nor more than one hundred twenty days. The failure to so instruct the jury was prejudicial error. Brown v. Commonwealth, Ky., 378 S.W.2d 608, 609; Tuttle v. Commonwealth, Ky., 331 S.W.2d 891, 893. Upon another trial the word "offenses" should be substituted for the word "felonies" in the third instruction.

■ Without discussing the merits of appellant's challenge to the instructions, the appellee takes the position that appellant may not raise the question since the record is devoid of any showing of a specific objection to the instructions upon the ground just discussed. Cited in support of appellee's position are Piper v. Commonwealth, Ky., 387 S.W.2d 13; Rice v. Commonwealth, Ky., 387 S.W.2d 4, and Hartsock v. Commonwealth, Ky., 382 S.W.2d 861. We observe that appellant did raise objection to the instructions in a timely motion for new trial. The objection was in general terms. However, an order appears in which it is recited that the motion and

grounds for new trial came on for hearing "* * * and the Court being advised, overruled same * * *." We will not indulge the speculation that counsel for appellant failed to argue the point now raised as to the error in the instruction. We pointed out in *Hartsock*, just cited, that there is no counterpart for CR 51 in the criminal rules. Thus, there is no requirement in the criminal rules for written objections to the instructions—neither is it requisite that the objection be made before the instructions are given. We believe our ruling in *Hartsock*, followed in the other two cases just cited, extends the rule enough. At least, in the absence of any claim or showing that the specific objection was not made known to the trial court, we may not assume that it was not. Better practice and fairness to the trial court direct that counsel lay bare all objections—and the bases therefor—to the trial judge. We express no opinion as to the effect of a record flatly disclosing that a particular basis for objection has not been argued—this record does not go that far.

The argument of the Commonwealth's Attorney was improper, but as it will not recur on another trial, we shall not discuss it.

The judgment is reversed for proceedings consistent with the opinion.