**Orville (Tood) RODGERS, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 11, 1966.

H. K. Spear, Somerset, for appellant.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

HILL, Judge.

Appellant seeks a reversal of his conviction and sentence of one year for the third violation of the Local Option Law. The only ground for reversal with any merit relates to the instructions given by the trial court. Instruction number one is as follows:

> "If the jury believe from the evidence beyond a reasonable doubt, that the defendant, Orville (Tood) Rodgers, in Casey County, and before the finding of the indictment herein, and on or about the 25th day of August, 1965, did unlawfully sell to Joe Grote, two pints of liquor for which he paid Rodgers the sum of ($9.00) Dollars, you will find the defendant, Orville (Tood) Rodgers, guilty as charged in the indictment and fix his punishment at confinement in the State Reformatory for not less than one nor more than two (2) years."

There followed only one other instruction on reasonable doubt.

The indictment charged two previous convictions, which appellant for all practical purposes admitted, although he had entered a plea of not guilty. Notwith-

standing his admission, unlike civil cases, every factual question must be submitted to the jury, including his guilt or innocence under the three separate counts. A proper instruction is outlined in Marcum v. Commonwealth, Ky., 398 S.W.2d 886, 887 (decided February 4, 1966) from which we quote:

> " * * * the trial court properly advised the jury that if it believed beyond reasonable doubt that appellant had committed the prime offense, and further so believed that he had been convicted of local option offenses twice before—listing the respective dates of the convictions concerning which testimony had been adduced, and referred to in the indictment—the jury could assess punishment at confinement in the penitentiary for not less than one nor more than two years. KRS 242.990(1). This was appropriate as far as it went, but it was incomplete. The instruction failed to advise the jury that it had an option to believe from the evidence that appellant had been previously convicted on only *one* of the previous charges, in which event the statutory range of punishment would have been a fine * * *. The failure to so instruct the jury was prejudicial error. Brown v. Commonwealth, Ky., 378 S.W.2d 608, 609; Tuttle v. Commonwealth, Ky., 331 S.W.2d 891, 893. Upon another trial the word 'offenses' should be substituted for the word 'felonies' in the third instruction."

■ This Court decided that instructions on the Local Option Law (KRS 242.990) must also comply substantially with instructions under the Habitual Criminal Statute. See Stanley's Instructions, Volume 3, Section 950. Gossett v. Commonwealth, Ky., 295 S.W.2d 338, 339 (1956), from which we quote, states:

> "We have written in Coleman v. Com., 276 Ky. 802, 125 S.W.2d 728,

and in Denham v. Com., 311 Ky. 320, 224 S.W.2d 180, that the previous crimes and the one with which the accused is presently charged must have been committed progressively after each conviction. The indictment, the evidence and the instructions should make it clear that the commission and conviction of the second crime were subsequent to the commission and conviction of the first, and the commission of the third crime was after the commission and conviction of the second."

To summarize, if the evidence on another trial is substantially the same, the court should give an instruction covering the primary crime; a second instruction covering the primary and either of the previous convictions, which should provide for a penalty double that of the first instruction; a third instruction covering the primary offense and the two previous convictions, constituting a felony, punishable by imprisonment in the state reformatory; and a fourth instruction on reasonable doubt, an "alternative" instruction, authorizing a conviction under the instruction providing for the lesser penalty.

■ It may be thought that appellant admitted on cross-examination that he had been twice convicted of violation of the Local Option Law so as to relieve the trial court of giving instructions pertaining to the previous offenses. This may be true where there is a plea of guilty or its equivalant. Cf. Tuttle v. Commonwealth, Ky., 331 S.W.2d 891. However, in the present case the evidence of the accused does not amount to a formal admission that he had been previously convicted. Consequently, it was the duty of the trial court to give the whole law of the case as outlined above.

Wherefore the judgment is reversed with directions to afford appellant a new trial.