James Payton SATTERLY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 1, 1968.

Rehearing Denied March 28, 1969.

Kenny Grantz, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

Appellant, James Payton Satterly, was convicted of grand larceny with two previous felony convictions and sentenced to life imprisonment. KRS 433.220, 431.190. He contends the evidence was insufficient to justify a finding of guilt on the principal charge and that the instruction pertaining to the previous convictions was erroneous.

Satterly was jointly tried with Eugene Hardin, who had been separately indicted for the same offense of grand larceny and an alternative count for receiving stolen property. See Hardin v. Commonwealth, Ky., 437 S.W.2d 931, decided today. Briefly, the evidence was as follows:

Hollis Walker, president of Layman-Walker Equipment Company, testified that a Farmall 140 tractor was stolen from his company's place of business in Jefferson County during the night of December 9-10, 1966, and was later returned by the police. Samuel G. Romans, manager of Valley Truck Rentals, which is located on South 7th Street in Louisville, produced a rental contract showing that a James P. Satterly had rented a van-type truck at 7:45 P.M. on December 9, 1966, and that the truck had been returned at 8:30 P.M. on December 10, 1966. Leon Goodlet, who resides at Taylorsville in Spencer County, Kentucky, testified that when he came home from work on the night of December 9, 1966, a Valley Truck Rental truck carrying a Farmall 140 tractor was there at his residence, and that on the next morning he helped Satterly and Hardin unload it. Robert Stratton, who resides at Finchville in Shelby County, Kentucky, testified that on December 14, 1966, he bought a

Farmall 140 tractor from Leon Goodlet and paid $1300 in cash for it. Goodlet testified that in accordance with a previous arrangement he gave the money to Wallace Lester. Lester testified that on December 14, 1966, he received from Leon Goodlet an envelope and that later, as requested by Goodlet, he delivered it to Hardin. Two law enforcement officers testified that on February 14, 1967, following a conversation with Goodlet, they recovered the tractor from Stratton.

■ This evidence was abundantly sufficient to support a guilty verdict on the grand larceny charge.

Instruction No. 1 covered the principal charge of grand larceny. Instructions Nos. 2 and 3, covering the previous convictions, were as follows (emphasis added):

"No. 2—If you shall further believe from the evidence that on or ·about the 16th day of September, 1965, the defendant, James Payton Satterly, was convicted of grand larceny, a felony, in the Jefferson Circuit Court, Criminal Branch, in case No. 128427 and given a sentence in the penitentiary of two years, and if you shall further believe from the evidence that on October 11th, 1966 the defendant was 'convicted of the crime of Storehouse Breaking and Possession of Burglary Tools, a felony, and given a sentence of two years in the penitentiary on Count I of said indictment and five years in the penitentiary probated, being case No. 132046 as filed in the office of the Circuit Clerk of Jefferson County, Criminal Division, and that the conviction as set forth herein of September the 16th, 1965 was prior to *the conviction* of the charge set forth in case No. 132046 and both of said convictions were prior to the present offense set forth in Count I of this indictment, being case No. 134132, then you will find the defendant guilty and fix his punishment at imprisonment in the penitentiary for life.

"No. 3—If you find the defendant guilty of grand larceny as set forth in Instruction No. 1 but have a reasonable doubt that it

has been proved that he was convicted of the felonies as set out in Instruction No. 2 or any two of them [sic], then you should merely fix his punishment as provided in Instruction No. 1. If you find the defendant not guilty under Instruction No. 1, you should also find him not guilty under Instruction No. 2."

■ Instruction No. 2 was erroneous because it did not require a finding that the second offense was *committed* after conviction of the first. Cf. Hardin v. Commonwealth, Ky., 428 S.W.2d 224 (1968); White v. Commonwealth, Ky., 379 S.W.2d 448 (1964); Ross v. Commonwealth, Ky., 384 S.W.2d 324 (1964). The proof, incidentally, was deficient in the same respect.

Appellant makes the further point that the instruction did not authorize a verdict based upon only one previous conviction rather than two, pursuant to which the jury could have fixed the penalty at double the time of the sentence under the previous conviction.

The approved form of instruction set forth in Sec. 950 of Stanley's Instructions does not provide for a verdict based on a finding that only one of the two previous felony convictions charged in the indictment has been proved. However, we have held in cases involving the enhanced penalties authorized by KRS 242.990(1) that the instructions must advise the jury that it has an option to believe the defendant has been convicted on but one of the previous charges. Marcum v. Commonwealth, Ky., 398 S.W.2d 886 (1966); Rodgers v. Commonwealth, Ky., 399 S.W.2d 299 (1966).

■ As pointed out in *Rodgers* (399 S.W.2d at p. 300), in a criminal case every factual question must be submitted to the jury. Each of the allegations embracing the previous convictions must be so submitted, and no matter how well they have been proved it is still the jury's prerogative to disbelieve any or all of them. If it is logical to require that the instructions au-

thorize the lesser penalty in the event the jury finds only one of two previous convictions charged under KRS 242.990(1), it is equally so under KRS 431.190. Though it is argued by the Commonwealth that KRS 431.190 does not create different degrees of the same crime, we think the situation is reasonably analogous. In a murder case, if the evidence would support a verdict finding the defendant guilty of a lesser included offense, the court must instruct on the lesser offense or offenses, which means that the Commonwealth does not have the option of requiring the jury to find the defendant guilty of murder or not guilty at all. If there is reason for that rule, the same reason militates against limiting the jury's choice to finding either (a) that the defendant has been convicted of two previous felonies, the first conviction having been prior to commission of the second offense and both convictions prior to commission of the principal offense, or (b) that he was not convicted of any felony prior to commission of the principal offense.

It is our conclusion that the same requirements should apply under KRS 431.190 as apply under KRS 242.990(1). If the evidence upon retrial of the case so warrants, the trial court should give an instruction covering the primary offense of grand larceny; a second instruction covering the primary offense and either of the two previous convictions, with a penalty double the time of the sentence imposed pursuant to the previous conviction; a third instruction covering the primary offense and both of the previous convictions, punishable by life imprisonment; a fourth instruction on reasonable doubt as to the defendant's guilt of the primary offense of grand larceny; and a fifth instruction on reasonable doubt as to either or both of the previous felony convictions.

The judgment is reversed with directions for a new trial.

MONTGOMERY, C. J., and HILL, MILLIKEN, STEINFELD and WILLIAMS, JJ., concur.