**William BOYD, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 21, 1975.

Neville M. Tucker, Louisville, for appellant.

Ed. W. Hancock, Atty. Gen., Raymond Larson, Asst. Atty. Gen., Frankfort, for appellee.

STEPHENSON, Justice.

At the conclusion of the second stage of a bifurcated trial, the jury was instructed on KRS 431.190, the Habitual Criminal Act. The jury found the appellant had been convicted of two previous felonies and imposed a life sentence in accordance with the instructions. The appellant asserts error in the habitual criminal instructions (he did not testify and admit the prior convictions). The instructions given by the trial court failed to state that the jury had the option of believing the defendant was found guilty of but one of the previous convictions. This is reversible error. Satterly v. Commonwealth, Ky., 437, S.W.2d 929 (1968).

In addition to the method of establishing prior felony convictions as set out in Johnson v. Commonwealth, Ky., 516 S.W.2d 648 (1974), this court in construing the Habitual Criminal Act has consistently held that it is the commission of a second felony after conviction of a first felony and the commission of a third felony after conviction of a second that is required to be established in order to support a conviction imposing a life sentence applicable to the accused. The indictment, the evidence, and the instructions should make it clear that the felonies must have been committed progressively after each conviction; and the instructions should, as stated, give the jury the option of finding the defendant guilty of but one of the prior convictions as well as two or more if not admitted.

Here the appellant was found guilty of the primary offense of storehouse breaking

on the first stage of the bifurcated trial, and it is our opinion that there is no reason for a retrial of that issue. On retrial of the second stage of the bifurcated trial, the trial court shall state to the jury that the appellant, indicted as an habitual criminal, was convicted of the primary offense of storehouse breaking, the date of the offense, and the date of the conviction and proceed to testimony and instructions on enhancement of penalty in accordance with the Habitual Criminal Act.

The judgment of a life sentence is reversed with instruction to grant a new trial on enhancement of penalty in accordance with the Habitual Criminal Act.

All concur.