Scott PAYNE, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Supreme Court of Kentucky.

Feb. 16, 1983.

Rehearing Denied Oct. 12, 1983.

Jack Emory Farley, Public Advocate, Timothy T. Riddell, Asst. Deputy Public Advocate, Frankfort, for appellant.

Steven L. Beshear, Atty. Gen., K. Gail Leeco, Asst. Atty. Gen., Frankfort, for appellee.

STEPHENSON, Justice.

Scott Payne was convicted of robbery in the first degree and wanton endangerment in the second degree, the jury fixing his punishment at fifteen years' confinement. Then at the persistent felony offender stage of the trial, Payne was found guilty of being a first-degree persistent felony offender and on the penalty fixed by the jury was sentenced to a term of imprisonment of twenty years.

The incident portrayed at the trial occurred in a dry cleaning establishment. Three of the employees identified Payne as the armed robber. The license number of the car was observed as Payne drove away and was reported to the police. The car was seen by the police and following a high-speed chase Payne was apprehended. After the arrest and on the way to the police station, Payne made an oral confession. In addition Payne signed a written confession at the police station. Payne did not testify or offer any other proof.

As far as the trial on the primary offense is concerned, Payne argues reversible error in that the trial court refused to suppress the written confession. This assertion is based on a notation made on the written confession by one of the officers. This notation says that he was told that the

statement had no bearing on the persistent felon charge. While it is not clear why this notation was placed on the confession, the record clearly reveals that it was not intended to be a promise not to file a persistent felony offender charge. In any event the written statement was merely cumulative, and in view of other testimony in our opinion did not make any significant contribution to the finding of guilt.

The real significance of this case is in the persistent felony offender proceeding. After the jury returned a verdict of guilty on the robbery offense, the second stage of the bifurcated trial was held. The Commonwealth proved two prior felony convictions. Again Payne did not take the stand or offer any defense.

■ The trial court instructed on persistent felony offender in the first degree and declined to instruct the jury on persistent felony offender in the second degree. Payne asserts that the failure to give this second-degree instruction is reversible error and that this argument is supported by our cases. We have examined the prior opinions by this court on the subject and conclude that the argument made by Payne is correct. We are, however, affirming the case for the reason that we are of the opinion the cases holding that both instructions must be given should be overruled.

Much has been written and many cases considered on the subject of enhancement of punishment by proving prior felony convictions. The most prevalent topics have been the necessity for the jury instruction to make clear the progressive criminal acts and convictions and that the jury be given the opportunity to find a not guilty verdict on the prior convictions. The theory that the jury should have the right to consider one or both of the prior felony convictions seems to have evolved out of *Brown v. Commonwealth*, Ky., 378 S.W.2d 608, 609 (1964). There in a proceeding involving the Habitual Criminal Statute (now repealed and replaced by KRS 532.080, the Persistent Felony Offender Statute) the trial court

had not given the jury the opportunity to pass on the prior convictions, instructing the jury to find the defendant guilty of the prior convictions if they believed he was guilty of the primary offense. Then the court went on to the proposition that "proper instructions, where one is indicted as a third offender involving similar misdemeanors, and there is evidence supporting the accusation, should permit the jury to return possible verdicts of guilty or not guilty of the primary crime charged; or guilty or not guilty of the second or third offense violations; or of any combination of the three." *Brown* cited *Tuttle v. Commonwealth*, Ky., 331 S.W.2d 891 (1959), as authority.

The difficulty is that *Tuttle* does not stand for this proposition. The appropriate language in *Tuttle* states at page 893, ". . . the instruction should permit the jury to return three possible verdict, viz., (1) not guilty, (2) guilty of the particular or principal offense charged, or (3) guilty of a second or third violation of the law, as the case might be." "Any combination of the three" is gratuitously added in *Brown*. *Coleman v. Commonwealth*, Ky. 802, 125 S.W.2d 728 (1939), is cited for this proposition. However, *Coleman* relied upon by Payne involved the same proposition as in *Brown* and *Tuttle*, allowing the jury the option of finding not guilty of the enhanced penalty after a guilty verdict on the primary offense.

Next, *Marcum v. Commonwealth*,[1] Ky., 398 S.W.2d 886 (1966), held that it was prejudicial error not to instruct the jury that it had the option to believe appellant had been previously convicted on only *one* of the previous charges, in which event a lesser penalty could be imposed. *Brown* and *Tuttle* were cited as authority for this holding.

Then *Rodgers v. Commonwealth*, Ky., 399 S.W.2d 299, 300 (1966), another local option case remarking that the court had previously decided instruction on enhanced penalties for prior conviction on the local option law

1. This is a third offense local option violation. The court years before held the same rule that

applied to the Habitual Criminal Act applied to local option cases.

must comply substantially with the Habitual Criminal Statute, reversed the erroneous instructions, stating "... every factual question must be submitted to the jury, including his guilt or innocence under the three separate counts," citing and quoting *Marcum, supra.*

This brings us to the second case relied upon by Payne, *Satterly v. Commonwealth,* Ky., 437 S.W.2d 929 (1968). There it was held the instructions in an habitual criminal case must advise the jury that it has the option to believe the defendant has been convicted on but one of the previous charges, citing *Marcum* and *Rodgers.*

*Satterly* for the first time enunciated a rationale for the rule at page 931:

"Though it is argued by the Commonwealth that KRS 431.190 does not create different degrees of the same crime, we think the situation is reasonably analogous. In a murder case, if the evidence would support a verdict finding the defendant guilty of a lesser included offense, the court must instruct on the lesser offense or offenses, which means that the Commonwealth does not have the option of requiring the jury to find the defendant guilty of murder or not guilty at all. If there is reason for that rule the same reason militates against limiting the jury's choice to finding either (a) that the defendant has been convicted of two previous felonies, the first conviction having been prior to commission of the second offense and both convictions prior to commission of the principal offense, or (b) that he was not convicted of any felony prior to commission of the principal offense."

We are of the opinion this reasoning that instructions must be based on the evidence is correct, but not applied properly. It is well settled by this court that if the evidence warrants instructing on a lesser degree of the offense, the instruction must be given. It is equally well settled that instruction on a lesser degree may be rejected if the evidence does not warrant it. This rule is not followed in *Satterly.* Thus in *Cox v. Commonwealth,* Ky., 491 S.W.2d 834

(1973), we held that where there was no evidence suggesting Cox was guilty of any offense other than murder, consequently there was no evidence to justify the giving of a lower-degree instruction. The same rule should obtain in persistent felony offender cases. This is the same reasoning as in *Satterly,* except that *Satterly* arrived at a different result. First-degree felony offender is *one* charge. The fact that two convictions must be proven does not justify breaking down the charge into two parts so as to give the jury the opportunity to pass on each prior conviction in the absence of some evidence bringing one or both prior convictions into dispute.

The evidence of the two previous felony convictions was not challenged in any way. We adhere to the proposition that the jury was not compelled to believe this evidence and make a finding of guilty, but even though we adhere to this proposition we believe it does not follow that the jury has the right to be capricious and ignore one conviction and believe the other where the convictions are not denied. The two convictions represent the charge, and with no other evidence putting one or both in issue there is no evidentiary basis for instructing on both convictions.

*Boyd v. Commonwealth,* Ky., 521 S.W.2d 84 (1975), followed *Satterly.*

In view of our holding here, *Boyd, Satterly, Marcum, Rodgers* and *Brown* and any other cases so holding are overruled to the extent that they conflict with this opinion.

The judgment is affirmed.

STEPHENS, C.J., and GANT, LEIBSON, STEPHENSON, VANCE and WINTERSHEIMER, JJ., concur.

AKER, J., concurs in part and dissents in part.

AKER, Justice, dissenting.

I concur with the majority opinion as it relates to the primary offense, however, I must respectfully dissent from the majority opinion as it relates to the persistent felony proceeding.

The majority relies on the rule "that instruction on a lesser degree may be rejected if the evidence does not warrant it." In applying this "well-settled" rule, the majority overrules a long line of cases standing for another well-settled rule—that a jury in a persistent felony proceeding must be given the option, when requested, of returning a verdict that the defendant has been convicted of both or only one of the convictions proved, regardless of whether the proof of convictions has been contradicted. *Satterly v. Commonwealth,* Ky., 437 S.W.2d 929 (1968); *Rodgers v. Commonwealth,* Ky., 399 S.W.2d 299 (1966); *Marcum v. Commonwealth,* Ky., 398 S.W.2d 886 (1966); *Brown v. Commonwealth,* 378 S.W.2d 608 (1964). This rule flows from the very nature of a persistent felony proceeding. The proceeding is solely for the purpose of sentence enhancement.

I understand the majority's reasoning and I applaud the scholarly treatment of the progression of our case law which the majority, by this opinion, overrules. However, if the jury is to have a function where two convictions are proved and are uncontradicted, the jury must have the right to return a verdict on the proof regarding these convictions, either as a group or separately. Therefore, I would not overrule the above-mentioned line of cases.