LEIBSON, Justice.
Appellant was tried and convicted of robbery in the first degree on evidence that he took two 12-packs of beer at gun point from a King Kwik Minute Mart in New *191 port, Kentucky. The jury fixed the minimum sentence, ten years.
The Commonwealth then offered evidence proving he was a persistent felony offender in the second degree. After finding him guilty and enhancing his sentence to twenty years (once again the statutory minimum) the jury added to the verdict form provided as follows:
“Jury felt that the minimum sentence is too severe in this case.”
The sole issue on appeal is whether the trial court improperly limited the appellant’s closing argument by refusing to permit counsel to tell the jury that if it believed the ten years which appellant received for the principal conviction was sufficient punishment for his present and past deeds, then the jury should find him not guilty of PFO II. We affirm.
The essential question is what do we mean by the term “jury nullification”? Unlike a civil case in which the court directs a verdict where the evidence is uncon-tradicted and from, a reliable source, in a criminal case it is a longstanding common law tradition, now constitutionalized, that the jury always has the option of disbelieving the evidence offered to prove guilt and returning a “not guilty” verdict. United States v. Leach, 632 F.2d 1337 (5th Cir. 1980). The principle of jury nullification as thus understood applies equally to enhancement prosecutions. Coleman v. Commonwealth, 276 Ky. 802, 125 S.W.2d 728 (1939).
However, the right to disbelieve the evidence does not equate to the right to disregard the law. Thus it is improper to instruct the jury that it has a right to find the defendant not guilty even though the evidence proves his guilt beyond a reasonable doubt, a rule that applies to the charge of being a persistent felony offender as well as the principal charge. Williams v. Commonwealth, Ky., 644 S.W.2d 335 (1982).
As stated by the Court of Appeals in Adkins v. Commonwealth, Ky.App., 647 S.W.2d 502, 506 (1982):
“A jury is entitled to disbelieve evidence of prior convictions put on by the Commonwealth. [Citations omitted.] However, once the jury is persuaded that the defendant has been convicted of two or more felonies, the language of KRS 532.-080(1) is mandatory: the jury must fix a sentence within the ranges specified in the statute.”
The logical extension of this principle that jury nullification means the right to disbelieve the evidence, not to disregard the law, underlies our recent decision in Payne v. Commonwealth, Ky., 656 S.W.2d 719 (1983), holding that, where the evidence of two prior felonies qualifying for PFO I status is uncontradicted, the court should not instruct on PFO II as a lesser included offense. It is proper to reject an instruction on the lesser degree where the evidence does not warrant it. 656 S.W.2d at 721.
For the same reasons that it would be improper to instruct the jury that it may disregard the law and return a verdict of “not guilty” on the PFO charge because it believes that the penalty set by the legislature is too severe, it is equally improper for counsel to make such an argument. The principle of jury nullification does not extend this far. Counsel has the right to argue that the jury may disbelieve the evidence and find the defendant not guilty, but no right to argue that it may disregard the law because it believes the minimum penalty set by the legislature is too severe.
Once the jury found the appellant guilty, it was compelled by law to assess the minimum penalty at the least, even though it believed that “the minimum sentence is too severe in this case.” Thus, there was no error in refusing to permit appellant’s counsel to argue otherwise.
The judgment is affirmed.
All concur.