**Robert Matthew JAMES, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 23, 1972.

John Tim McCall, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., James M. Ringo, Asst. Atty. Gen., Frankfort, for appellee.

GARDNER, Commissioner.

Appellant was adjudged guilty on two counts of illegal sale of narcotics (cocaine) and sentenced to 20 years in the penitentiary and a fine of $20,000 on each count. It was ordered that the sentences run consecutively. We reverse the judgment.

Appellant contends that the court erred in failing to require the Commonwealth to submit a bill of particulars as to what time of day the sales took place, where they took place, who was present, and factual statements of the essential elements of the transactions.

Appellant was arraigned May 3, 1971, made the motion for a bill of particulars May 21, 1971, and was tried June 7, 1971. On the day of trial he moved for a continuance because his counsel had not had time to prepare the case and because his counsel could not adequately represent him until the information asked for in the motion for a bill of particulars was received. The motion for continuance was overruled.

There was no explanation as to why a bill of particulars was not filed other than that the attorney for the Commonwealth, at a hearing immediately before the trial, reminded the court there had been no order requiring it.

It is provided by RCr 6.22:

"The court for cause shall direct the filing of a bill of particulars. A motion for such bill may be made at any time prior to arraignment, or thereafter in the discretion of the court. A bill of particulars may be amended at any time subject to such conditions as justice requires."

▆ Upon cause shown it is mandatory that the court direct the filing of a bill of particulars unless the motion is made after arraignment, in which event it becomes discretionary with the court as to whether the motion be sustained. It is stated in State v. Dugan, 229 La. 668, 86 So.2d 528, 529 (1956):

"It is well settled that the granting of a bill of particulars is within the sound discretion of the trial judge but the trial judge cannot arbitrarily refuse to order the state to furnish essential particulars necessary for the preparation of a defense."

In Finch v. Commonwealth, Ky., 419 S.W. 2d 146 (1967), it was pointed out that with the innovation of the abbreviated indictment the defendant should be supplied freely with details of the charge against him to enable him to prepare his defense. In the present instance each count in the indictment merely stated appellant sold cocaine to Charles Baker, Sr. "on or about" a stated date. *On or about* the date could have covered a period of several days. Appellant should not have been required to have available alibi witnesses for all those days. Nor should he have had to guess whom the Commonwealth might use as corroborating witnesses, if any, nor where the alleged transactions took place. In

Brown v. Commonwealth, Ky., 378 S.W.2d 608 (1964), we said:

"The function of the bill of particulars in a criminal case is to provide information fairly necessary to enable the accused to understand and prepare his defense against the charges without prejudicial surprise upon trial. It is complementary to the shorter form of indictment."

Of like import are Commonwealth v. Chesapeake & O. Ry. Co., 128 Ky. 749, 110 S.W. 253 (1908); Pipkin v. United States (C.A. 5th Cir.), 243 F.2d 491 (1957); United States v. Haskins (C.A. 6th Cir.), 345 F.2d 111 (1965). See also Wright, Federal Practice and Procedure: Criminal, section 129, page 283.

In its brief the Commonwealth counters by saying appellant made no attempt to present an alibi defense. It is true that appellant's entire defense could be accurately summed up by his own statement, "I never sold Mr. Baker nothing." But the argument begs the point. Appellant was entitled to the information. What he would have done with the information was a matter for him and his attorney to have decided. This is not an instance where the Commonwealth did not possess the information since Detective Baker testified as to the exact time, place, and who was present when the sales were made.

▆ Appellant assigns as another error the failure of the court to provide him with the opportunity to inspect the reports of the chemist who analyzed the narcotic and the opportunity to have a sample for inspection by his own chemist. RCr 7.24 provides in part:

"On motion of a defendant the court may order the attorney for the Commonwealth to permit the defendant to inspect and copy or photograph any relevant * * * (b) results or reports * * * scientific tests or experiments made in connection with the

particular case, or copies thereof, that are known by the attorney for the Commonwealth to be in the possession, custody or control of the Commonwealth."

Again, the Commonwealth cannot say that the chemist's reports or the drug was not available. The chemist testified he had submitted his reports to the Louisville Police Department and he had copies at the trial. Also the drug itself was introduced into evidence at the trial. A cat and mouse game whereby the Commonwealth is permitted to withhold important information requested by the accused cannot be countenanced. In the case of Jackson v. State, Miss., 243 So.2d 396 (1971), it was held error to refuse to furnish the accused with a sample of the marijuana for the purpose of enabling a chemist employed by defendant to determine whether the substance was in fact marijuana. It was held in People v. Perrell, 47 Misc.2d 1024, 263 N.Y.S.2d 640 (1965), that the accused had a right to have the narcotic analyzed under the supervision and on the premises of the police laboratory. It is said in Wright, Federal Practice and Procedure: Criminal, section 253, page 506, "The second category of materials obtainable virtually as of right under Rule 16(a)[1] is results or reports of physical or mental examinations, and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession, custody, or control of the government, the substance of which is known, or by the exercise of due diligence may become known, to the attorney for the government."

The final error advanced by appellant relates to prejudicial statements made by the attorney for the Commonwealth. We are not convinced the statements resulted in prejudicial error. Since the judgment is being reversed for reasons given above and since the argument is of doubtful merit, we do not believe a discussion of the assigned error will serve any useful purpose.

Judgment reversed.

All concur.

1. Federal Rule 16(a) is almost identical with RCr 7.24(1).