**David Lowell KING, Appellant,**

v.

**Hon. Edgar N. VENTERS, Judge, Pike Circuit Court, Appellee.**

**James Arthur KING, Appellant,**

v.

**Hon. Edgar N. VENTERS, Judge, Pike Circuit Court, Appellee.**

Supreme Court of Kentucky.

April 1, 1980.

Jack E. Farley, Public Advocate, M. Gail Robinson and Kevin Michael McNally, Asst. Public Advocates, Frankfort, R. Neal Walker, Asst. Public Advocate, Prestonsburg, Nora K. McCormick, Asst. Public Advocate, Winchester, for appellants.

Steven L. Beshear, Atty. Gen., James Zerhusen, Sam E. Isaacs, II, Asst. Attys. Gen., Frankfort, for appellee.

PALMORE, Chief Justice.

The appellants, David Lowell King and James Arthur King, were indicted in the Johnson Circuit Court for murder, kidnapping, and 1st-degree robbery. In due course the trial judge entered an order requiring the Commonwealth to prosecute the case on an "open file" basis, pursuant to which the prosecuting attorney furnished to the appellants a list of 44 prospective witnesses he contemplated using at the trial. Thereafter the prosecuting attorney was replaced by two assistant attorneys-general, who proceeded to have the appellants indicted for murder and kidnapping in the Pike Circuit Court and caused the Johnson County indictments to be dismissed.

After the proceedings began anew in the Pike Circuit Court, and the appellants had moved for an updated list of the prosecution witnesses, the Commonwealth moved for a list of the prospective defense witnesses. The proceeding now before this court consists of separate appeals by the two Kings from an order of the Court of Appeals denying prohibition against an order of the Pike Circuit Court requiring them to submit to the Commonwealth a list of witnesses they propose to use in the trial of their respective cases. We have consolidated the two appeals for purposes of this opinion.

The extent to which either party to a criminal proceeding may require information of the other is set forth in RCr 7.24. Paragraph (3) of that Rule specifies those things the trial judge may require a defendant to divulge as a condition to his being given a right of discovery against the Commonwealth. A list of witnesses is not among the items of information so specified. It is our opinion that there is no authority for requiring a defendant to furnish such a list to the Commonwealth, and we are not entirely convinced that it would be free of constitutional difficulty.

The orders of the Court of Appeals are reversed with directions that prohibition be granted.

PALMORE, C. J., and AKER, CLAYTON, LUKOWSKY, STEPHENSON and STERNBERG, JJ., sitting. All concur.