COMMONWEALTH of Kentucky,
Appellant,

v.

Dennis M. DONOVAN, Appellee.

Supreme Court of Kentucky.

Nov. 25, 1980.

Steven L. Beshear, Atty. Gen., Michael R. Beiting, Asst. Atty. Gen., Frankfort, for appellant.

William E. Johnson, Johnson, Judy & Gaines, Frankfort, for appellee.

LUKOWSKY, Justice.

This is an appeal by the Commonwealth from a judgment of the Franklin Circuit Court which dismissed the prosecution of Dennis for the capital murder of his brother, James, prior to trial. The sole question presented is whether our opinion in *King v. Venters*, Ky., 596 S.W.2d 721 (1980) mandates such action. The answer is no.

After arraignment and over the objection of Dennis, the trial court entered an order which required the Commonwealth and Dennis to furnish each other with the names and addresses of all witnesses that they intended to call at trial. Dennis did not seek an order of prohibition from the Court of Appeals to prevent the trial judge from enforcing his order against him. Dennis dutifully complied with the order, thereby deferring the question of the validity of his objection to any subsequent appeal.

Shortly thereafter we decided *King*, supra, in which we wrote:

"The extent to which either party to a criminal proceeding may require information of the other is set forth in RCr 7.24. Paragraph (3) of that Rule specifies those things the trial judge may require a defendant to divulge as a condition to his being given a right of discovery against the Commonwealth. A list of witnesses is not among the items of information so specified. It is our opinion that there is no authority for requiring a defendant to furnish such a list of the Commonwealth, and we are not entirely convinced that it would be free of constitutional difficulty."

Dennis then moved the trial court to dismiss the proceedings against him relying on *King*, supra, as authority. The trial court granted the motion concluding that irreparable constitutional error had been committed.

At the outset it is important to realize that our comment in *King*, supra, about "constitutional difficulty" was not a holding either that there was such or, if there was, that it was insurmountable. It was no more than an explanation why RCr. 7.24(3) was drawn in 1964 so that a possible constitutional question should never arise. In other words, the rule was narrowly drawn to finesse a decision of the issue. Now the problem is squarely presented and we shall dispose of it.

*Williams v. Florida*, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970) approved a limited form of prosecution pretrial discovery imposed by a state alibi rule. A divided court held that the Florida requirement that the defendant give advance notice of an alibi defense, including the names and addresses of alibi witnesses, did not violate

the privilege against self–incrimination. The majority stressed that the Florida rule only required the defendant to disclose evidence that he intended to produce subsequently at trial. Although the opinion was limited to alibi discovery, the majority's analysis of the self–incrimination issue logically can be extended to uphold the pretrial discovery of the names and addresses of other witnesses that the defendant intends eventually to produce at trial. *People by Van Meveren v. District Court of County of Larimer*, 187 Colo. 333, 531 P.2d 626 (1975); *State v. Nelson*, 14 Wash.App. 658, 545 P.2d 36 (1975). We accept that extension and so hold. See *United States v. Nobles*, 422 U.S. 225, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975).

The opinion in *Scott v. State*, Alaska, 519 P.2d 774 (1974) does not persuade us to stretch Kentucky constitutional protections beyond federal limits in this case. Consequently, we are left with no more than simple error resulting from the trial court's misapplication of a procedural rule. No prejudice has been shown to flow from this spring of error and, certainly, none may be presumed because defendants do not intend to call at trial witnesses who will incriminate rather than exculpate them. Error without prejudice is disregarded. RCr. 9.24.

The judgment of the Franklin Circuit Court is reversed and the cause is remanded with directions to reinstate the prosecution.

All concur.