**COMMONWEALTH of Kentucky,
Appellant,**

v.

**Sherry Gail BARBER, Appellee.**

Court of Appeals of Kentucky.

Dec. 31, 1982.

Before HOWARD, McDONALD and REYNOLDS, JJ.

McDONALD, Judge:

After allegedly signing a complaint in the Boyd District Court entitled *Commonwealth v. Huff,* Sherry Gail Barber at the preliminary hearing of the case denied signing the complaint and refused to testify against defendant Huff. The Commonwealth then brought perjury charges against her.

Prior to trial appellee filed a motion for discovery which was granted by the circuit court. The Commonwealth was ordered to permit the defendant, by counsel,

to inspect and/or copy any relevant written or recorded statements or confessions made by the defendant that are known by the attorney for the Commonwealth to be in the possession, custody or control of the Commonwealth, including, but not limited to, the statement given by the said defendant to Officer John Ray of the Kentucky State Police on or about October 1, 1981.

Appellee, in addition, filed a motion for bill of particulars. The Court sustained this motion and ordered the Commonwealth to furnish to the defendant, among other information, "the name and address of each agent of the Commonwealth . . . who may have knowledge of the offense charged."

The perjury charge against appellee progressed to trial. After several witnesses had testified for the Commonwealth, the Commonwealth attempted to call Philip McCormick, an expert witness in handwriting analysis, for the purpose of authenticating the signature on the arrest warrant complaint as being appellee's. Appellee had not been notified prior to the morning of the trial that the expert witness would testify.

Because the Commonwealth had failed to make available to the defendant before trial the expert witness's name, the court refused to allow him to testify. Mr. McCormick's opinion, presented by way of avowal, was that handwriting samples of the defendant corresponded with the handwriting

Steven L. Beshear, Atty. Gen., Stephen L. Frank, Asst. Atty. Gen., Frankfort, for appellant.

M. Kevin Lett, David Wolfe, Ashland, for appellee.

on the warrant. Concluding that the Commonwealth could not make a case without the expert's testimony, the court granted defendant's motion for a directed verdict of acquittal.

The Commonwealth now brings this appeal for the purpose of certifying the law with regard to the Commonwealth's being required to furnish the names of its expert witnesses prior to a trial.

■ A party's right to obtain discovery from another party is governed by RCr 6.08, which gives to a defendant the right to have endorsed on an indictment the names of witnesses whose information produced the charge, and RCr 7.24, which enumerates the items of information parties to a criminal action may require of each other. There is no provision in RCr 7.24 or elsewhere requiring disclosure or exchange of trial witnesses or other categories of material witnesses. 8 W. Clay, *Kentucky Practice* § 597 (1978).

In *King v. Venters*, Ky., 596 S.W.2d 721 (1980), the Kentucky Supreme Court held that the defendants in a criminal action were entitled to an order of prohibition against an order of the circuit court requiring them to submit to the Commonwealth a list of the witnesses they expected to use at trial. The Court stated that since RCr 7.24(3) did not include a list of witnesses among the items of information a defendant could be ordered to disclose, there was no authority to require a defendant to furnish such a list to the Commonwealth. *King,* 596 S.W.2d at 721. The Court commented, further, that it was not convinced that requiring such disclosure would be free of constitutional difficulty. *Id.*

The Supreme Court's statements in *King* were elucidated somewhat in the case of *Commonwealth v. Donovan,* Ky., 610 S.W.2d 601 (1980). In that case the circuit court had ordered the Commonwealth and defendant to furnish to each other the names and addresses of witnesses they intended to call. Defendant sought no order of prohibition but instead complied with the order. Following the publication of the case of *King, supra,* the circuit court then

dismissed the proceedings against the defendant, concluding that irreparable constitutional error had been committed. *Donovan,* 610 S.W.2d at 601.

On appeal, the Supreme Court ordered reinstatement of the *Donovan* prosecution and stated, citing *Williams v. Florida,* 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970), that requiring defendant to furnish a list of prospective witnesses to the Commonwealth did not violate his constitutional privilege against self-incrimination. *Donovan,* 610 S.W.2d at 602. Since the trial court had merely committed a procedural error in ordering the exchange of witnesses, no prejudice had resulted to defendants and the case was subject to prosecution.

■ Based on an analysis of the cases above, we certify the law in Kentucky to be that while the Rules of Criminal Procedure contain no requirement or provision that either party furnish a list of witnesses to the other, the furnishing of said witnesses to the Commonwealth by the defendant (or vice versa) does not constitute error of a constitutional magnitude. *Donovan* holds that there exists no authority to require the Commonwealth to furnish such a list prior to trial; moreover, the defendant in *Donovan* and in this case would have been entitled to prohibition against such a procedural error of the circuit court. A defendant's election to furnish the list instead of seeking prohibition, however, does not deprive him of any constitutional rights.

■ In the instant case, it was error for the circuit court to dismiss the charge against defendant Sherry Barber. The language of the circuit court's order did not require the Commonwealth to furnish a list of all witnesses but only "the name and address of each agent of the Commonwealth [with] knowledge of the offense charged." We agree with appellant that knowledge of the offense charged would most reasonably be interpreted to mean knowledge of the particular offense, not the type of knowledge an expert witness might possess about the details of one type of offense.

Even if the court's order had specifically required disclosure of the Commonwealth's expert witnesses, however, the Commonwealth would have been entitled, based on *King v. Venters, supra,* to an order of prohibition if requested.

Appellee herein additionally argues that appellant violated the provisions of K.R.S. 422.120(2) by not proving the genuineness of the handwriting samples it sought to compare to the signature on the district court complaint. Although appellant insists that the statute is not applicable to the present case because the judge based his refusal to hear the expert witness on the Commonwealth's failure to reveal the expert witness's name, we will nevertheless comment on the applicability of the statute.

K.R.S. 422.120(2) reads:

Before such writings [other handwritings used for comparison with writing in dispute] are admitted their genuineness must be proved to the satisfaction of the judge . . . . A party proposing to introduce such writings must give reasonable notice of his intention to the opposite party, or his attorney, with reasonable opportunity to examine them before the commencement of the trial.

Appellant argues that the statute would not apply to this case because the handwriting samples sought to be introduced were admittedly genuine. We agree with appellee that the record does not show any admission the handwritings were genuine and that appellant should have given notice to appellee of its intention to introduce handwriting samples in accordance with K.R.S. 422.120. Dismissal of this case for noncompliance with K.R.S. 422.120 would have been within the trial court's discretion. However, it was error to dismiss the case for the reason cited by the trial court.

All concur.