Charles E. LOWE, Jr., Judge, Pike Circuit Court, Division No. II, 35th Judicial District, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Supreme Court of Kentucky.

July 3, 1986.

W. Sidney Trivette, Pikeville, for appellant.

Martin Glazer, Asst. Atty. Gen., Frankfort, for appellee.

STEPHENS, Chief Justice.

This is an appeal from a writ of prohibition issued by the Court of Appeals prohibiting Judge Charles E. Lowe, Jr., of the Pike Circuit Court from ordering the Commonwealth to disclose names of persons present at the time acts charged in the indictments against Clarence Wooten allegedly transpired. After careful review, we affirm the decision of the Court of Appeals.

Clarence Wooten was indicted in Pike Circuit Court on one count of theft of labor and ten counts of theft of services. Pursuant to motion the trial judge, Honorable Charles E. Lowe, Jr., ordered the Commonwealth:

"[T]o disclose to the defendant all persons present within the knowledge of the Commonwealth at the time the acts charged in the indictments allegedly transpired."

Appellant contends the order was entered pursuant to defendant's motion for a Bill of Particulars, pursuant to RCr 6.22. The Commonwealth sought and obtained a writ of prohibition from the Court of Appeals arguing that the order exceeded the requirements of RCr 7.24 relating to discovery. Since this case was initiated as an original action in the Court of Appeals, the record on appeal does not include defendant's motion for discovery, and we will therefore review the trial court's order under both RCr 6.22 and RCr 7.24.

■ In *King v. Venters*, Ky., 596 S.W.2d 721 (1980), this Court discussed RCr 7.24 and held that:

"The extent to which either party to a criminal proceeding may require information of the other is set forth in RCr 7.24. Paragraph (3) of that Rule specifies those things the trial judge may require a defendant to divulge as a condition to his being given a right of discovery against the Commonwealth. *A list of witnesses is not among the items of information so specified.*" (emphasis added).

This Court clearly stated in *King* that a party to a criminal proceeding may not be compelled to provide a witness list to an opposing party. In this case, the Commonwealth argues that the effect of the trial judge's order is to require the Commonwealth to produce a witness list in contravention of our holding in *King*. We agree. The circuit court's order forces the Commonwealth to disclose not only its list of potential witnesses, but also forces the Commonwealth to compile and provide the defendant with a listing of *all* persons present at the scene, not only exculpatory witnesses or persons who observed or participated in the transactions. Such is beyond the scope of the requirements of RCr 7.24.

RCr 7.24(1) authorizes a defendant, upon motion, to obtain from the Commonwealth disclosure of any oral incriminating statement made by the defendant and to inspect and copy written or recorded statements and confessions of the defendant and the results or reports of physical or mental examinations, scientific tests or experiments made in the case that are in the possession, custody or control of the Commonwealth. Subsection (2) permits the defendant, upon motion, to inspect and copy books, papers, documents or tangible objects in the possession, custody or control of the Commonwealth, upon a showing that the items sought may be material to the preparation of the defense and that the request is reasonable. However, RCr 7.24(2) then continues to state as follows:

"This provision does not authorize pretrial discovery or inspection of reports, memoranda, or other documents made by officers and agents of the commonwealth in connection with the investigation or prosecution of the case, *or of statements made to them by witnesses, or by prospective witnesses* (other than the defendant)." (emphasis added).

Under RCr 7.24, the Commonwealth is not required to disclose and the defendant is not entitled to obtain a list of "all persons present" at the time the alleged thefts of labor and services by Clarence Wooten transpired.

■ Appellant contends that the order was not a request for a witness list, but

was entered pursuant to defendant's motion for a Bill of Particulars, under RCr 6.22, and granted with reliance on *Burks v. Commonwealth*, Ky., 471 S.W.2d 298 (1971). A review of *Burks* shows that case to be distinguishable from the case at bar. In *Burks* this court held that:

> "(W)hen a police informant participates in or places himself in a position of observing a criminal transaction he ceases to be merely a source of information and becomes a witness.... there simply can be no valid principle under which the identity of a *known witness* may be concealed from adversary parties ..." (emphasis added).

The discovery order entered in this case was not limited to *known* witnesses; exculpatory witnesses or persons observing or participating in the crime, but instead requested disclosure of "all persons present" at the scene when the eleven counts of theft allegedly occurred. The trial judge's order was overbroad and exceeded the bounds of a Bill of Particulars.

In *Deskins v. Commonwealth*, Ky., 512 S.W.2d 520, 524 (1974), cert. denied 419 U.S. 1122, 95 S.Ct. 806, 42 L.Ed.2d 822, this Court cited *Harris v. Commonwealth*, Ky., 285 S.W.2d 489, 492 (1956) stating:

> "A corollary rule is that the particulars should not be required when the motion appears to be merely an exploratory maneuver or when the accused apparently has knowledge of the facts or where the means of obtaining the facts are just as accessible to him as to the prosecution."

Under the facts of this case the information the defendant sought was more readily accessible to him, the employer at the job site, than to the Commonwealth.

In this case the trial court abused its discretion in granting defendant's motion and entering an order directing the Commonwealth to disclose to the defendant all persons present within the knowledge of the Commonwealth at the time the acts charged in the indictments allegedly transpired. The writ of prohibition granted by the Court of Appeals in the above-styled action is affirmed.

STEPHENS, C.J., GANT, STEPHENSON, WHITE, WINTERSHEIMER, and VANCE, JJ., concur.

LEIBSON, J., dissents in a separate opinion.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

Since this is an appeal from a writ of prohibition relating to an issue of discovery, the record here is brief. Clarence Wooten was indicted and charged with theft of labor and theft of services, intentional crimes. There were a total of eleven counts against him. It appears he was involved in an ongoing business and may very well be unable to recall each individual transaction and the attendant circumstances, including who was present at the time. It is questionable whether he has better access to this information than the Commonwealth.

A bill of particulars is designed to allow a criminal defendant to prepare a defense against charges placed against him without "prejudicial surprise upon trial," especially in light of the "shorter form of indictment." *Brown v. Commonwealth*, Ky., 378 S.W.2d 608, 610 (1964), overruled on other grounds, *Payne v. Commonwealth*, Ky., 656 S.W.2d 719 (1983).

Material within the "possession, custody and control of the Commonwealth" is discoverable under RCr 7.24. *Wagner v. Commonwealth*, Ky., 581 S.W.2d 352 (1979). Judge Lowe specifically limited his order to the disclosure of "persons present *within the knowledge of the Commonwealth.*" (Emphasis added). By this order, the Commonwealth is neither required to investigate nor supply a list of witnesses who will testify at trial.

In *Deskins v. Commonwealth*, Ky., 512 S.W.2d 520, 524 (1974), the case of *James v. Commonwealth*, Ky., 482 S.W.2d 92, 93 (1972) is cited for the proposition that after indictment, it is within the discretion of the court whether to grant a motion for a bill of particulars and that decision will not be upset unless there has been an abuse of discretion. In *James, supra,* our Court upheld the appellant's contention that:

"[T]he [trial] court erred in failing to require the Commonwealth to submit a bill of particulars as to what time of day the sales took place, where they took place, *who was present,* and factual statements of the essential elements of the transactions." (Emphasis added).

The majority agrees with the contention of the Commonwealth that the trial court order had the effect of requiring the production of a witness list in contravention of our holding in *King v. Venters,* Ky., 596 S.W.2d 721 (1980). Appellant views the order as encompassing a proper area of discovery to enable the defendant to prepare a defense to the numerous charges. It is a close case. However, on review we should respect the decision of the trial judge and should not overrule that decision unless there is an abuse of discretion. I do not see any abuse of discretion. Judge Lowe acted within his authority under RCr 6.22. The Court of Appeals' writ of prohibition was erroneous and should be set aside.