**Robert Lee HILL, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 88–CA–2546–MR.**

Court of Appeals of Kentucky.

Sept. 22, 1989.

Case Ordered Published by Court of Appeals Nov. 3, 1989.

Thomas Louis Conn, Lexington, for appellant.

Frederic J. Cowan, Atty. Gen., Michael L. Harned, Asst. Atty. Gen., Frankfort, for appellee.

Before DYCHE, EMBERTON and LESTER, JJ.

LESTER, Judge.

Robert Lee Hill appeals from a judgment entered on a jury verdict finding him guilty of first-degree sexual abuse. His sentence was fixed at five years in the penitentiary based on the recommendation of the jury.

A recitation of the facts of the underlying offense is not essential to a determination of the issues presented on appeal and we therefore forgo the exercise.

Hill contends that he was denied the due process of law by the introduction of irrelevant and prejudicial evidence, to wit, a crayon drawing made by the prosecuting witness. The picture is a childishly rendered figure done in brown apparently meant to represent a man, with black eyes, hair and beard drawn thereon. Other than disproportionately large hands the drawing shows no other appendages. This exhibit has the words "Brother Hill" written on the front and indeed was so identified by the child as meant to depict appellant. While we agree that no logical or legal relevance was demonstrated to support the introduction, we fail to see how the passion or prejudice of the jury was thereby aroused. Prejudice in the context of a criminal proceeding means only "that which is unnecessarily or unreasonably hurtful." *Romans v. Commonwealth*, Ky., 547 S.W.2d 128, 131 (1977). RCr 9.24

provides that no error in the admission of evidence is grounds for disturbing a judgment unless the denial of such relief would be inconsistent with substantial justice. That is to say, error without prejudice is disregarded. *Commonwealth v. Donovan*, Ky., 610 S.W.2d 601 (1980). The test for harmless error is whether there is any reasonable possibility that absent the error the verdict would have been different. *Commonwealth v. McIntosh*, Ky., 646 S.W.2d 43 (1983). Because the test is phrased in terms of "reasonable possibility" an error of constitutional proportions must be shown to be harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Crane v. Commonwealth*, Ky., 726 S.W.2d 302 (1986). Applying this test to the evidence here complained of, we fail to see that the drawing could in any way have affected the outcome of the trial. As the substantial rights of Hill were not prejudiced we are enjoined to disregard the error. *Abernathy v. Commonwealth*, Ky., 439 S.W.2d 949 (1969); *Jackson v. Commonwealth*, Ky.App., 717 S.W.2d 511 (1986).

 Argument is also made that Hill was denied due process of law by the trial judge allowing the use of a district court computer printout to prove prior misdemeanor convictions in the sentencing phase of trial pursuant to KRS 532.055. The Attorney for the Commonwealth admitted that the normal method of proof of misdemeanor priors is the front face of the case jacket but stated that the older judgments of the Fayette District Court have been placed on the computer. These older case jackets are then archived or destroyed and could not be retrieved "in a few minutes" as suggested by Hill in his brief. The computer records are the best available evidence of Fayette District Court judgments. The printouts were certified by the district court clerk as being true and accurate copies of his records and, the risk of error in the presentation of the evidence being slight, the best evidence rule need not be applied. *Contra, Commonwealth v. Dean*, Ky., 732 S.W.2d 887 (1987). This situation is clearly distinguishable from

*Commonwealth v. Willis*, Ky., 719 S.W.2d 440 (1986), in which it was held that a certified copy of the driving history record may not be used as proof of prior D.U.I. convictions at a subsequent D.U.I. trial: here we have the court clerk's office which made the original notation on the court jacket entering the information onto their computer system and certifying its accuracy, whereas a driving history record is made up by another department from information transmitted to them. The step of transferring the records to a separate agency and then certifying the resulting list rather than the source increases the risk of error sufficiently to invoke the best evidence rule. Furthermore, by our reading of the transcript of evidence, the document was marked as a court exhibit only and was not to be shown to the jury. The prosecutor read the offenses and dates of conviction from the sheet. In light of this manner of presentation we see even less reason for objection to the form of the court record. The introduction of Hill's prior misdemeanor convictions in this manner did not deprive him of the due process of law nor in any other way prejudice him.

For the foregoing reasons the judgment of the Fayette Circuit Court is hereby affirmed.

All concur.