RENDERED: JANUARY 24, 2008
TO BE PUBLISHED

# Supreme Court of Kentucky



2005-SC-000853-MR

JOHN GREGORY GRANT                                    APPELLANT

ON APPEAL FROM GRAYSON CIRCUIT COURT
V.               HONORABLE SAM MONARCH, JUDGE
NO. 05-CR-000048

COMMONWEALTH OF KENTUCKY                  APPELLEE

**OPINION OF THE COURT BY CHIEF JUSTICE LAMBERT**

<u>VACATING AND REMANDING</u>

Following a jury trial in the Grayson Circuit Court, Appellant John Gregory Grant was convicted of manufacturing methamphetamine while in possession of a firearm and possession of a controlled substance (methamphetamine) while in possession of a firearm. He claims his conviction must be reversed due to the admission of improper rebuttal evidence. He challenged the Commonwealth's failure to provide in discovery a copy of a recorded telephone call Appellant placed from the jail. The Commonwealth learned of the recording during trial, while presenting its case in chief, but did not inform Appellant of its existence until after Appellant had concluded his case and testified on his own behalf.

The police obtained a search warrant on February 10, 2004, for the residence and garage of William Payne Jr. after he was suspected of buying pills containing pseudoephedrine at several stores. An officer conducted surveillance of the residence

that day. The officer observed Appellant at the garage at around 7:00 to 7:15 p.m. Larry Brooks was also observed at the Payne residence. The search warrant was executed at the property later that night. The police entered both the home and garage. Two people fled into the woods as police arrived. Three people were located in the home and another found behind the garage. Appellant was not present at the Payne residence or garage when the police arrived. The police noticed a video system which allowed those in the garage to observe anyone coming up the driveway to the house. A police dog was used to track the persons who ran, but the dog was unable to follow the trail in the brush.

Police found a working methamphetamine laboratory in the garage. Most of the chemicals needed to manufacture methamphetamine were present at the site. No methamphetamine was found in the garage or house, however. A recipe for manufacturing methamphetamine was found in the residence. Police arrested Larry Brooks later that night. He had in his possession methamphetamine and lithium batteries. Appellant was arrested a few weeks later on March 1, 2004.

Appellant argues that his conviction should be reversed because the Commonwealth failed to timely turn over to him a tape recording of a telephone conversation he had while in jail. He argues that the prosecutor violated a duty to disclose the recording pursuant to an order of the court and provisions of RCr 7.24. The trial court's "Discovery and Inspection" order followed Appellant's motion for discovery. The court ordered the Commonwealth to provide Appellant with the items thereafter listed in the order, and included a command to furnish:

2

(1) Relevant written or recorded statement [sic] or confessions made by the Defendant, or copies thereof, that are known by the Attorney for the Commonwealth to be in the possession or control of the Commonwealth.

(2) The substance of any oral incriminating statement known by the attorney of the Commonwealth to have been made by the Defendant to any witness, and to permit the Defendant to inspect and copy or photograph any relevant (a) written or recorded statements or confessions made by the Defendant, or copies thereof, that are known by the Attorney for the Commonwealth to be in the possession, custody or control of the Commonwealth[.]

The order also provided that the discovery therein required "shall be reasonable [sic] supplemented as required by RCr 7.24(8)," which provides:

If subsequent to compliance with an order issued pursuant to this rule, and prior to or during trial, a party discovers additional material previously requested which is subject to discovery or inspection under the rule, that party shall promptly notify the other party or the other party's attorney, or the court, of the existence thereof.

Appellant thus contends that the duty contained in the order and RCr 7.24(8) to supplement discovery of Appellant's recorded statements continued throughout trial.

Apparently, the Commonwealth became aware of the recorded conversation at issue during its case in chief when it obtained another jail recording on the morning of the second day of trial.[1] This recording involved William Payne Jr. in a telephone conversation with his mother from the jail. The Commonwealth considered using that recording to impeach a witness at trial. While listening to it, the Commonwealth discovered that William Payne Jr. revealed that Appellant had also placed a phone call from the jail to Payne's parents. The Commonwealth obtained the recording of the conversation between Appellant and Payne's parents, but the Commonwealth's

---

[1] According to the testimony of Deputy Dennison, of the Grayson County Detention Center, the Commonwealth subpoenaed recordings from the jail on the second day of trial.

Attorney did not reveal when she first listened to it. During its case in chief, the Commonwealth revealed only to the court and Appellant the existence of the recording of the conversation between Payne and his mother. Nothing was revealed of the conversation in which Appellant was a participant. The Commonwealth then concluded its case.

Appellant testified in his own defense. He testified that he had been to William Payne Jr.'s house on the day the police were there, but had only gone there with Larry Brooks to work on a truck. He asserted that he had not been there while any drug manufacturing or extraction of ephedrine had taken place. He said no one was injecting methamphetamine while he was there. He testified that he did not see any equipment for manufacturing methamphetamine in the garage. He said that the police did not arrive while he was there.

After the conclusion of Appellant's testimony and after he had rested his case, the Commonwealth announced that it had rebuttal evidence. The Commonwealth called Deputy Dennison to testify to a recorded telephone call from the jail. The court asked if the recording had been heard by the defense, and the Commonwealth stated that the deputy was there to testify about a different recording than the one the defense had been informed of previously. The court called for a conference in chambers.

The Commonwealth stated that the recording it planned to introduce in rebuttal was a conversation between Appellant and the parents of William Payne Jr. The Commonwealth stated that it had only learned of the existence of the statement that morning. The Commonwealth asserted that it was not required to turn over the statement because it was being used as rebuttal evidence. The Commonwealth's

Attorney said: "I found out about it when the jail called me this morning and we listened to the first recording. Sandy Payne on the recording says there's a previous conversation between me and [Appellant] Greg Grant. And I'm in rebuttal here. I'm not required to discover my rebuttal evidence."

The recording of the telephone conversation was played in chambers. In the conversation with William Payne Sr., Appellant discussed the allegations against him and made several admissions. He stated that he had taken pseudoephedrine to Payne's house, that he had introduced Brooks to Payne at Payne's request, that Payne had gotten a recipe for manufacturing methamphetamine from the internet after Appellant refused to tell him how, and that he had lied to an officer about whether methamphetamine manufacturing had taken place at Payne's residence. The trial court concluded that the statement contradicted the testimony Appellant had just given on the stand. The court observed that parts of the recording could have been introduced in the Commonwealth's case-in-chief.

The Commonwealth argued that since Appellant made the statement he certainly had knowledge of it. The trial court agreed that Appellant had been informed that calls from the jail might be recorded, so he knew he made the statement. The court held that it would allow the recording, but that Appellant could make his objections for the record. Appellant restated his objection based on not having been provided the recording in discovery. The statement was played for the jury as rebuttal evidence.

On appeal, Appellant argues that allowing the statement to be admitted in evidence and played to the jury violated his discovery rights under RCr 7.24. He argues that the order should have operated to exclude evidence that had not been provided to

the defense. Appellant asserts that the Commonwealth had a duty to provide the recording to him as soon as the attorney for the Commonwealth knew about it.[2] Appellant observes that the predecessor to this Court asserted that: "A cat and mouse game whereby the Commonwealth is permitted to withhold important information requested by the accused cannot be countenanced."[3] Appellant notes that this court has said that withholding discoverable evidence until trial denies the defense the opportunity to investigate the circumstances surrounding the material.[4] He argues that the error was prejudicial to his substantial rights, including the rights to prepare a defense and to effective cross-examination. Further, it is immaterial whether the failure to provide the discovery material was intentional or inadvertent.[5]

Appellant further argues it was error for the Commonwealth's Attorney to assert that because the statement was rebuttal evidence, it obviated the requirement to provide it to the defense. Appellant notes that although the Commonwealth learned of two recordings at the same time, the one that was most damaging to him was not turned over. Appellant argues that the recording of Appellant's statement could have been used in the Commonwealth's case in chief, as noted by the trial court, and also there is no support in the discovery rules for the Commonwealth's position. Thus, Appellant argues that the Commonwealth's strategy of holding the recording until

---

[2] The trial court's discovery order required that recordings be turned over once they became known to the attorney for the Commonwealth. However, we have also interpreted the discovery rules to mean that discovery materials within the knowledge of investigating officers for the Commonwealth are within the knowledge of the Commonwealth. Anderson v. Commonwealth, 864 S.W.2d 909, 912 (Ky. 1993).

[3] James v. Commonwealth, 482 S.W.2d 92 (Ky. 1972).

[4] Barnett v. Commonwealth, 763 S.W.2d 119, 123 (Ky. 1989).

[5] Penman v. Commonwealth, 194 S.W.3d 237, 249 (Ky. 2006).

rebuttal did not provide the Commonwealth a "refuge" from compliance with discovery rules.

Appellant is correct that in RCr 7.24 there is no provision that the duty to disclose discovery ends after the Commonwealth's case in chief. The Commonwealth appears to concede this point by stating in its brief that the prosecutor "may have misstated the extent of her obligations regarding the discovery of rebuttal evidence." We observe that there was a continuing obligation on the Commonwealth's Attorney to inform Appellant of the content of the statement. The reason for the rule is not to inform the accused that he made the statement, but rather to inform the defense, in order to plan its defense strategy, whether the *prosecutor* has knowledge of statements of a defendant that it may introduce or use to impeach.[6]

There is no doubt that Appellant needed to be informed that the Commonwealth had possession of his statement. Such information is vital to a professional decision with respect to Appellant's defense. RCr 7.24 does not require that the defense rely only its own information as to the existence of witness statements, but places the burden on other parties to disclose what is in their possession. Thus, we conclude that merely because Appellant made the statement does not excuse the Commonwealth from the requirement to produce it in discovery to the defense pursuant to RCr 7.24. Any other conclusion would invalidate the provisions of the Rule.

---

[6] United States v. Bailleaux, 685 F.2d 1105, 1114 (9th Cir. 1982)("Since the defendant was a party to the statement, he is aware of its contents. The principal fact that is revealed to the defendant by the disclosure of the statement is that the Government is also.")

The Commonwealth responds that Appellant, while objecting to the introduction of the statement, did not avail himself of any of the other remedies provided in RCr 7.24 for discovery violations, such as a continuance or a mistrial, and therefore, should be considered to have received all the relief to which he was entitled.

A discovery violation justifies setting aside a conviction only where there is a reasonable probability that had the evidence been disclosed the result at trial would have been different.[7] The Commonwealth argues that the undisclosed evidence was merely cumulative of other evidence, but Appellant responds that if it were merely cumulative the Commonwealth would not have pursued it as rebuttal evidence.

There was information in the undisclosed recording that did not otherwise appear at trial. In this category is Appellant's admission that he did not tell the investigating officer the truth about what took place at the garage, and hearing Appellant himself state his involvement with the methamphetamine lab in the garage was certainly more persuasive of his guilt than having his indicted accomplices assert that he was involved. The Commonwealth's withholding of this information until after Appellant put on his defense and testified in person prevented the defense from making an informed decision as to proper strategy, including whether he should testify. Moreover, the jury may well have felt hostility toward a defendant they perceived as having just lied to them from the witness stand.

This case is closely analogous to Akers v. Commonwealth,[8] in which the Commonwealth's failure to reveal a police report to the defendant "gutted" the defense

---

[7] 172 S.W.3d 414 (Ky. 2005), citing Wood v. Bartholomew, 516 U.S. 1, 5, 116 S. Ct. 7, 10, 133 L.Ed.2d 1 (1995).

[8] Id.

of the accused. Despite this, we recognized that a discovery violation justifies setting aside a conviction only where there exists a reasonable probability that had the evidence been disclosed the result at trial would have been different.[9] However, we also recognized that the Commonwealth's failure to disclose the report prejudiced Appellant's ability to prepare a defense and permitted him to labor under a misconception that there was no physical evidence when the report was to the contrary. We concluded by saying, "We cannot reasonably conclude that, had Akers been provided the assault report, defense counsel would have proceeded in the same manner or the jury would have reached the same result. As such, all of Akers' convictions must be reversed."[10] The same result must obtain in this case. Appellant could not make an informed decision regarding whether to testify without knowing whether the Commonwealth possessed his statement and its contents. While we cannot say with certainty that the result at trial would have been different, we can say that Appellant's defense to the charges would have been different, and we cannot conclude that the jury would have reached the same result. Upon retrial, the court shall consider whether any basis for the objection remains.

Finally, we do not regard Appellant's failure to move for a mistrial or continuance as fatal to his claim on appeal. He clearly objected to introduction of the undisclosed evidence and the trial court was equally unambiguous in overruling the objection. In these circumstances, we cannot conclude that Appellant was obligated to seek further relief.

---

[9] Id. at 417.

[10] Id.

For the foregoing reasons, we vacate and remand this cause to the Grayson Circuit Court for further proceedings.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Randall L. Wheeler
Assistant Public Advocate
Department of Public Advocacy
Suite 302, 100 Fair Oaks Lane
Frankfort, KY 40601

COUNSEL FOR APPELLEE:

Jack Conway
Attorney General of Kentucky

Samuel J. Floyd, Jr.
Assistant Attorney General
Criminal Appellate Division
Office of the Attorney General
1024 Capital Center Drive
Frankfort, KY 40601-8204